IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAY ROBERTSON,<br><br>Defendant. | Case No. CR10-0131<br><br>ORDER FOR PRETRIAL DETENTION |

On the 9th day of March, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Robert L. Teig. The Defendant appeared personally and was represented by his attorney, Jane Kelly.

## RELEVANT FACTS

On December 8, 2010, Defendant Ray Robertson was charged by Indictment (docket number 2) with being an illegal drug user in possession of a firearm (Count 1) and possession of marijuana (Count 2). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on May 5, 2011.

Cedar Rapids Police Officer Jesse Moore testified regarding the circumstances underlying the instant charge. Late at night on October 26, 2009, Cedar Rapids police officers walked through an apartment building with a drug-sniffing canine. The dog alerted on an apartment rented by Defendant, and police officers obtained a search warrant for the apartment.

Early in the morning on October 27, 2009, law enforcement executed the search warrant on the apartment. Three individuals were present in the apartment, including Defendant and Defendant's juvenile brother. Upon entering the apartment, Officer Moore

1

immediately detected the smell of burnt marijuana. Officer Moore also observed drug paraphernalia in plain view inside the apartment. Upon searching, police officers found marijuana and crack cocaine in the apartment. Police officers also found an "altered" shotgun in a duffle bag, which was located in a closet off the living room. Ammunition for the firearm was also found inside the closet.

Defendant was taken to the police station to be interviewed. After being *Mirandized*, Defendant admitted frequent marijuana use, including that night. Defendant provided a urine specimen that tested positive for marijuana. Defendant also admitted possession of the shotgun. He told officers that he had the shotgun for personal protection.[1] He stated that he got the firearm from a third person. Law enforcement later learned that the shotgun had been stolen during a burglary. The shotgun was "sawed off" after the burglary.

According to the pretrial services report, Defendant is 20 years old. He is single and has never been married. He has no children. Defendant was born in Chicago, Illinois, and lived in Chicago until he was ten. From age ten to fourteen, Defendant lived in Milwaukee, Wisconsin. Since age fourteen, he has lived in Cedar Rapids, Iowa. Defendant's father, one brother, and one sister live in Cedar Rapids. Defendant's mother, two brothers, and one sister live in Chicago. According to Defendant, he was "basically homeless" prior to his arrest, and had been living in a local shelter after being evicted from an apartment he shared with his girlfriend.

For the past seven months, Defendant has been employed by Labor Ready, a temporary employment service in Iowa City, Iowa. He was placed at the Marriot Hotel in Coralville, Iowa, as a dishwasher.

Defendant is in good physical health. He has no past or present mental health or emotional concerns. Defendant reported being a daily user of marijuana. His last use was three or four days prior to his arrest on the instant offense. Defendant also reported using

---

[1] According to Defendant, he was having trouble with individuals from another apartment building.

Ecstacy about six weeks prior to his arrest. Defendant stated that he uses Ecstacy about once each year.

As a minor, Defendant was adjudicated delinquent for several offenses, including assault causing bodily injury, criminal mischief, and possession of a controlled substance. Defendant was placed in the Iowa Training School for Boys, in Eldora, Iowa, from August 2, 2007 to July 3, 2008.

On September 30, 2008, Defendant was charged and later convicted of possession of a controlled substance. Defendant failed to appear for his arraignment, and then failed to appear a second time, for his pretrial conference. On October 27, 2009, Defendant was convicted of keeping a disorderly house. (This is the same incident giving rise to the instant charge.) On April 13, 2010, Defendant was charged and later convicted of fifth degree theft. He failed to appear for his initial appearance. Four days later, on April 17, 2010, while on release on his own recognizance, Defendant was charged and later convicted of disorderly conduct, fighting or violent behavior. On July 28, 2010, Defendant was charged and later convicted of interference with official acts after attempting to flee from police. Five days later, Defendant was charged and later convicted of possession of liquor by a minor.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this

determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with possession of marijuana and being an illegal drug user in possession of a firearm, which is an offense found in § 3142(f)(1). In this case, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with possession of marijuana and being an illegal drug user in possession of a firearm. The weight of the evidence against Defendant is strong. On October 27, 2009, law enforcement executed a search warrant at Defendant's residence. Police officers found a saw-off shotgun in a duffle bag, inside Defendant's living room closet. Defendant was interviewed by police, and admitted possessing the firearm and ammunition. Defendant claimed that he had the firearm for personal protection. Defendant also admitted smoking marijuana just prior to the execution of the search warrant. He provided law enforcement with a urine specimen, which tested positive for marijuana.

Defendant admits to regularly using marijuana. He admits to possessing a firearm for protection. He does not have a stable residence. Prior to his arrest, he was apparently living in a homeless shelter. In addition to his juvenile record, which resulted in his placement at the Iowa Training School for Boys, Defendant has six misdemeanor convictions as an adult, despite being only 20 years old. He has failed to appear for court proceedings three different times and attempted to flee from police. The Court has no confidence that Defendant would comply with any terms or conditions of pretrial release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds

by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (March 7, 2011) to the filing of this Ruling (March 10, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 10th day of March, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA